## Johns and Patterson v. Union Ice Cream Company.

(Decided October 31, 1911.)

Appeal from Jefferson Circuit Court.

Purchase of Lot—Specific Performance—Action for—Pleading.— Upon an appeal from a judgment decreeing specific performance of a contract where there is no brief on the part of appellants, and the court is not advised as to the grounds relied upon for a

reversal, the petition stating a good cause of action, and that being the only question for consideration, the judgment must be affirmed.

JOSEPH LENIHAN for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Union Ice Cream Company, a corporation organized under the laws of this State, and possessing power to sue and be sued, contract and be contracted with, and all other powers essential and incident to its corporate existence, advertised for public sale a certain parcel of ground owned by it in the City of Louisville. At said offering Rector Johns and G. S. Patterson offered for said lot the sum of $3,006 and theirs being the best bid made therefor the property was by the auctioneer openly and publicly struck off and sold to them. Under the terms of this sale they were to pay one-third of the purchase price cash, and the balance in two equal payments, due in one and two years, for which they were to execute their promissory notes, bearing six per cent. interest from date until paid, and secured by a lien on the property. Following this sale the purchasers caused the title to said land to be examined by the Kentucky Title Company, of Louisville, Kentucky, and this company pronounced the title to the property good. The Union Ice Cream Company prepared and tendered to the purchasers a deed for the property so purchased by them, but for some reason, not altogether explained by the record, the purchasers failed for some months to accept the deed and pay for the property the amount of cash required, and execute their notes for the balance. Finally, on September 28th, 1910, these purchasers notified the Union Ice Cream Company that they were not then able to comply with their contract, but would do so at the end of ninety days. Thereupon the following writing was executed by the purchasers and delivered to the Union Ice Cream Company:

"This agreement entered into at Louisville, Kentucky, on this the 28th day of September, 1910, between Rector Johns and G. S. Patterson, of the first part, and Union Ice Cream Company, a corporation of Louisville, Kentucky, of the second part,

"Witnesseth: The following facts exist: On April

.12, 1910, at a public auction held in Louisville, Kentucky, Rector Johns and G. S. Patterson became the purchasers of the hereinafter described real estate in Louisville, Kentucky, then owned by the Union Ice Cream Company, for the agreed price of Three Thousand and Six ($3,006) Dollars, to be paid one-third cash, balance in equal installments in one and two years respectively, for which first parties were to execute to the order of second party their promissory notes bearing interest and secured by a lien returned on the property. The property so purchased is described as a tract of land situated in Louisville, Kentucky, "Beginning at a point on the East side of Eighth Street Two Hundred and Sixty (260) feet south to Grayson; thense south with the east line of Eighth Street Twenty-five (25) feet and back eastwardly the same width Two Hundred and Twenty-one and one-half (221 1-2) feet to a sixteen foot alley and being the same property conveyed to Union Ice Cream Company by Henry Vogt Machine Company by deed dated May 11th, 1904, and recorded in Deed Book 608, page 65, in the office of the Clerk of the Jefferson County Court."

"The title to this property has been examined by the Kentucky Title Company and the title is found to be correct.

"The Union Ice Cream Company has made tender of the deed and has threatened to sue for specific performance. The purchasers above mentioned, however, desire an extension of ninety days time in which to take the property and pay over the money as above indicated. For the foregoing consideration, this extension is now granted and the said purchasers agree to take said property on the said terms at said time."

"RECTOR JOHNS
"G. S. PATTERSON."

According to this agreement the deed was to be accepted, the cash payment made and the notes executed on December 28th, 1910. But the purchasers having again failed to comply with their contract and agreement, the Union Ice Cream Company, on the 3rd of January, 1911, filed a suit in the Jefferson Circuit Court in which it sought to compel the specific performance of this contract according to its terms. They filed with their suit a deed conveying the property to the purchasers in all respects as provided for by the written memoranda executed on the 28th of September. The defendants were duly summoned but failed to answer and the case was finally sub-

mitted for judgment. Upon consideration by the Chancellor the petition, which was held to be good, was taken for confessed, and a judgment entered in favor of plaintiff in conformity with the prayer of the petition. From that judgment the defendants prayed and were granted an appeal to this court.

We have been furnished with no brief on behalf of appellants and are not advised as to the ground upon which they rely for a reversal. Their own writing recites that they purchased the property upon the terms and conditions claimed by appellee and promise that if given ninety days time they would comply with their contract by accepting the deed, making the cash payment, and executing their notes for the balance of the purchase price. In the petition the plaintiff sought only to have the defendants do what their writing shows they had promised and agreed to do. And we are of opinion that, in the absence of a showing on the part of the defendants of some reason why the relief should not be granted, the Chancellor did not err in entering a decree directing that this contract be carried out. The petition stated a good cause of action, and that is the only question here for consideration. Judgment affirmed.